# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ALABAMA EDUCATION ASSOCIATION, an Alabama non-profit corporation; *et al.*, ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Civil Action No. CV-11-S-761-NE |
| ROBERT BENTLEY, in his official capacity as Governor of the State of Alabama and President of the State School Board; *et al.*, ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on plaintiffs' "Motion to Proceed with Discovery and Pending Motions."[1]  Plaintiffs commenced this action to challenge the constitutionality of Alabama Act No. 2010-761 ("the Act").[2]  This court granted plaintiffs' motion for a preliminary injunction on March 18, 2011, thereby staying enforcement of the Act.[3]  Defendants appealed that ruling to the Eleventh Circuit Court of Appeals.[4]  As a consequence, this court ordered that all other motions be held

---

[1] Doc. no. 66.

[2] *See* doc. no. 1 (Complaint) ¶ 2.

[3] *See* doc. no. 36 (Memorandum Opinion); doc. no. 37 (Order and Preliminary Injunction).

[4] *See* doc. no. 40 (Notice of Appeal).

in abeyance, pending the outcome of that appeal.[5] Plaintiffs now request an order allowing them to proceed with discovery, and allowing the litigation of the pending motions.[6]

## I. BACKGROUND

The facts and allegations underlying this case are set out in detail in the memorandum opinion issued by this court in conjunction with the preliminary injunction.[7] In the interest of brevity, therefore, the court will address only those facts pertinent to the present motion.

The plaintiffs in this case are the Alabama Education Association ("AEA"), a "voluntary membership organization" organized as an Alabama non-profit corporation, the Alabama Voice of Teachers for Education ("A-VOTE"), a political action committee associated with AEA, and several individual members of AEA.[8]

---

[5] *See* doc. no. 44 (Order Holding Motions to Dismiss in Abeyance). In that order, this court ruled that, due to the appeal, it had no jurisdiction over the motions to dismiss filed by defendants David Perry and Thomas White. *Id.* at 3. Additionally, the court ordered that the briefing schedules established for two other motions to dismiss, filed by defendants Robert Bentley, Joseph Morton, Freida Hill, and Robert Treese, be suspended pending the Eleventh Circuit's ruling on the appeal. *Id.*
    Finally, in a separate order, the court ordered that a motion to intervene, filed by the Alabama State Employees Association, the State Employees Association Political Action Committee, and five individuals, be likewise held in abeyance during the pendency of the appeal. Doc. no. 53 (Order Holding Motion to Intervene in Abeyance).

[6] Doc. no. 66.

[7] *See* doc. no. 36, at 8-23.

[8] *See* doc. no. 1 ¶¶ 5-13.

The defendants are Dr. Robert Bentley, Governor of the State of Alabama, and various other state and local officials and government entities, all of whom or which are charged with enforcing or implementing the Act.[9]

The gravamen of plaintiffs' allegations is that former Governor "Bob" Riley and the Republican-dominated Alabama State Legislature created and enacted the subject Act as a means of retaliating against, and neutering the political strength of, AEA and A-VOTE, because both organizations frequently clash with Republican politicians and opposed Republican policies.[10] The Act furthers those political objectives, say plaintiffs, by prohibiting the use of payroll deductions for the payment of membership dues to organizations involved in political activity, *e.g.*, AEA.[11] Three counts in the plaintiffs' complaint contain allege constitutional violations: Count One contends that the Act violates plaintiffs' First Amendment rights to freedom of speech and freedom of association; Count Two asserts that the Act violates the Equal Protection Clause of the Fourteenth Amendment; and Count Three alleges that the Act violates the Due Process Clause of the Fourteenth Amendment.[12] Plaintiffs rely on

---

[9] *Id.* ¶¶ 14-23. Although various defendants in this case have retained separate counsel, and have filed motions to dismiss on different grounds, their positions appear to be fully aligned with regard to the instant motion. Thus, the court will refer to them collectively as "defendants," and treat the arguments made by each as applying to all.

[10] Doc. no. 1 ¶¶ 32-52.

[11] *See* doc. no. 36, at 2-8 (describing the Act in detail).

[12] Doc. no. 1 ¶¶ 78-101.

numerous constitutional theories to support their claims, some of which apply to multiple counts of the complaint. Among those theories are: so-called "viewpoint discrimination;" "unconstitutional conditions;" disparate treatment; vagueness; and overbreadth.[13] When asking for a preliminary injunction, plaintiffs relied on the theories of vagueness, overbreadth, and "unconstitutional conditions."[14] When ruling in favor of plaintiffs, this court found that plaintiffs were likely to succeed on the merits on their theories that the Act is void for vagueness and overbreadth, but not on their theory that the Act imposes "unconstitutional conditions."[15]

Within mere hours of the court's order issuing a preliminary injunction, defendants appealed the decision.[16] The Eleventh Circuit entered an order on December 27, 2011, holding that plaintiffs' likelihood of success on the merits and, thus, the validity of this court's preliminary injunction, depended upon the scope of the "political" activity defined in the act. *Alabama Education Association, et al. v. State Superintendent of Education, State of Alabama, et al.*, No. 11-11267, at 4 (11th

---

[13] *See id.* ¶ 79 (viewpoint discrimination); *id.* ¶ 84 ("unconstitutional conditions"); *id.* ¶ 86 (disparate treatment); *id.* ¶ 92 (vagueness); *id.* ¶ 93 (overbreadth).

[14] *See* doc. no. 7. In their motion, plaintiffs listed only vagueness and "unconstitutional conditions," but the court ruled that overbreadth should be considered in conjunction with vagueness. Doc. no. 36, at 51.

[15] Doc. no. 36, at 49, 87.

[16] *See* doc. nos. 40-41.

Cir. Dec. 23, 2011).[17] The Circuit Court order noted that a law "meant only to reach payroll deductions for organizations engaged in *electioneering* activities . . . presents no constitutional problems." *Id.* at 9 (emphasis supplied). The question of whether the Act has a broader scope, reaching more than "electioneering activities," is an issue of state law; consequently the Circuit Court certified the question of the scope of the Act to the Alabama Supreme Court. *Id.* at 9-11. The Eleventh Circuit further ordered that the scope of this court's preliminary injunction be narrowed, allowing the Act to be enforced to the extent that it applies to "electioneering activities." *Id.* at 12. The Alabama Supreme Court consented to answer the questions certified by the Eleventh Circuit on February 22, 2012, and ordered the parties to file briefs addressing those questions.[18] Based on that briefing schedule, the State Supreme Court is not likely to rule on the interpretation of the Act before May of 2012.[19]

## II. DISCUSSION

The act of filing of a notice of appeal is "'an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Green Leaf Nursery*

---

[17] A certified copy of the Eleventh Circuit order was assigned document number 64 in the district court file.

[18] *See* doc. no. 71-1 (Order of Alabama Supreme Court).

[19] *Id.*

*v. E.I. DuPont De Nemours and Co.,* 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)). "The general rule regarding divestiture of jurisdiction, however, does not apply to collateral matters not affecting the questions presented on appeal." *Weaver v. Florida Power & Light Co.*, 172 F.3d 771, 773 (1999) (citations omitted). *See also id.* (stating that a district court has jurisdiction over matters "separate and distinct" from the issues on appeal); 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper*, Federal Practice and Procedure* § 3921.2, at 53 (2d ed. 1996) ("Ordinarily an interlocutory injunction appeal under [28 U.S.C.] § 2961(a)(1) does not defeat the power of the trial court to proceed further with the case."). A "general proposition" embraced by the Former Fifth Circuit that remains binding authority in the Eleventh Circuit is that "an appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits." *United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963) (citations omitted).[20] "'It was not intended that the cause as a whole should be transferred to the appellate court prior to the final decree.'" *Scott v. Roberts*, 612 F.3d 1279, 1298 (11th Cir. 2010) (quoting *Ex parte National Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906)). Thus, this court retains jurisdiction over collateral matters

---

[20] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"separate and distinct" from those on appeal. *Weaver*, 172 F.3d at 773.

**A.    Collateral Matters**

Plaintiffs request that the court grant them leave to begin discovery on all counts of the complaint while the appeal remains pending. Plaintiffs point to the fact that the appeal involves only two of the several theories underlying their case, and does not even touch upon the second count of the complaint.[21] For that reason, they contend that litigation of the other theories is collateral to the issues on appeal, and that this court retains jurisdiction over those issues during the pendency of the appeal. They also argue that they should be allowed to conduct discovery on the other theories, so that they will be prepared to move for a preliminary injunction on those grounds, should the existing preliminary injunction be vacated on appeal. Finally, plaintiffs argue that there should be no stay on the litigation of four of the pending motions, which they contend implicate issues collateral to those on appeal.

In response, defendants contend that the theories of the case not under appeal are, nevertheless, closely intertwined with the theories already implicated by the preliminary injunction. Thus, they argue, those theories are not collateral matters that this court may consider while the appeal remains pending. Indeed, defendants submit

---

[21] Although plaintiffs repeatedly state that only one theory, vagueness, is part of the appeal, this court actually ruled that plaintiffs were likely to succeed on the bases of vagueness *and* overbreadth. *See* doc. no. 36, at 87.

that all of plaintiffs' theories depend on the interpretation accorded the Act by the Alabama Supreme Court and, thus, the other theories are not merely collateral to the issues on appeal. They contend that, because the preliminary injunction has prevented the implementation or enforcement of the Act, there is no need for factual discovery, as the case turns entirely on a question of law.

Plaintiffs counter that, at least one of their theories, *i.e.*, viewpoint discrimination, does require discovery, because the motivations of the State Legislature and former Governor when crafting and enacting the subject Act is a question of fact.

Upon consideration of the issues and briefs, this court concludes that plaintiffs' viewpoint discrimination theory, on which they seek discovery, is a separate and distinct issue. Although all of the theories asserted by plaintiffs address the constitutionality of the Act, the theories on which the preliminary injunction was based, *i.e.*, vagueness and overbreadth, are distinct from the theory on which plaintiffs seek discovery, *i.e.*, viewpoint discrimination.

This court's ruling that plaintiffs are likely to succeed on the merits of their vagueness and overbreadth challenges was based on the statutory language of the Act. In contrast, plaintiffs' viewpoint discrimination theory, which was not made a part of the preliminary injunction, depends upon factual circumstances beyond the statutory

language. Plaintiffs argue that the Act is the result of viewpoint discrimination because it prohibits payroll deductions that benefit only certain types of groups, and it was enacted as a result of "antipathy to the political activities" of plaintiffs.[22] Thus, plaintiffs' viewpoint discrimination argument depends on proving the motivation of former Alabama Governor Riley and the Republican state legislators who crafted and navigated the enactment of the subject Act, rather than simply focusing upon the cold, printed text of the statute. *See Georgia Association of Educators v. Gwinnett County School District*, 856 F.2d 142, 145 (11th Cir. 1988) (reversing summary judgment where "the evidence concerning the defendants' motive [in terminating a payroll deduction scheme was] vigorously disputed"). Moreover, the theories involved in the pending appeal are Fourteenth Amendment due process issues, while the theory of viewpoint discrimination is a First Amendment question.

### B. Motions to Dismiss

In addition to their request for discovery, plaintiffs argue that the litigation of four of the motions to dismiss currently held in abeyance should proceed. The first motion to dismiss, filed by the State Superintendent of Education, the Chancellor of Postsecondary Education, and the Lee County district attorney, attacks the complaint

---

[22] Doc. no. 1 ¶ 79.

on substantive grounds, and focuses on the interpretation of the Act.[23]  Thus, the issues involved in that motion are closely related to the issues on appeal, and the stay on that motion it will remain in effect.  There are four other motions to dismiss, however, and none address the issues currently on appeal.

In the first motion, the Governor seeks to dismiss the case on the basis of lack of subject matter jurisdiction.[24]  In the second motion, the Boards of Education of the City of Huntsville, the City of Madison, and Madison County seek to dismiss the case on the alternate bases that those boards are not necessary parties for plaintiffs to be granted full relief; and that, if they are deemed to be necessary parties, the complaint should be dismissed for plaintiffs' failure to name as defendants the rest of the local boards of education in the state.[25]  In the third and fourth motions, the State Finance Director and State Comptroller seek separately to dismiss the action for lack of subject matter jurisdiction.[26]

Those four motions to dismiss, limited to questions of jurisdiction and justiciability, do not implicate the same issues currently on appeal.  Thus, litigation of the issues implicated by those motions may proceed.  Plaintiffs must file their

---

[23] *See* doc. no. 28.
[24] *See* doc. no. 33.
[25] *See* doc. no. 35.
[26] *See* doc. nos. 38 (State Finance Director) and 39 (State Comptroller).

responses to the motions on or before April 19, 2012. Any replies must be filed on or before April 26, 2012.

### C. Motion to Intervene

Finally, a motion to intervene was filed by the Alabama State Employees Association ("ASEA"), the State Employees Association Political Action Committee ("SEA-PAC"), and five members of the ASEA.[27] Those parties seek to intervene as plaintiffs, and to assert claims that mirror those of the current plaintiffs.[28] This court previously ordered that motion to be held in abeyance, pending the decision of the Eleventh Circuit on interlocutory appeal.[29] Because the proposed complaint in intervention addresses the same issues currently on appeal, the motion to intervene will continue to be held in abeyance, pending the outcome of the appeal.

### III. CONCLUSION AND ORDER

Accordingly, plaintiffs' motion to proceed is GRANTED. Plaintiffs are ORDERED to file their responses to the motions to dismiss filed by defendants, Dr. Robert Bentley, Huntsville City Board of Education, City of Madison Board of Education, Madison County Board of Education, David Perry, and Thomas L. White, Jr., on or before April 16, 2012. Those defendants must file any replies on or before

---

[27] Doc. no. 48.

[28] *See* doc. no. 48-1 (Proposed Complaint in Intervention).

[29] Doc. no. 53.

April 23, 2012.

    DONE and ORDERED this 6th day of April, 2012.

                                                 _____
                                                 United States District Judge